(No. 4514- 

J. L. SIMMONS COMPANY, INC., A DELAWARE CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*

WALTER T. DAY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Although there have been numerous cases before this Court in which the State of Illinois has virtually conceded its liability, this is the first case in which a claimant has made a motion for summary judgment.

On October 7, 1948, claimant and respondent, acting through the Department of Public Works and Buildings, entered into a contract bearing No. 65546, whereby claimant was to construct the Mt. Vernon State Tuberculosis Sanitarium at Mt. Vernon, Illinois. Claimant completely performed the work required of it under the contract, and the Sanitarium has been accepted, and is now being used by respondent.

This case is divided into two phases. The first phase is a claim for an additional sum of $25,889.70 for excavating an unusually hard substance, which was encountered in the course of preparing the foundation of the building. This phase is not involved in the motion for summary judgment.

The second phase of the case involves the sum of $22,334.64, and arises from the fact that in the latter

part of 1951 respondent tendered to claimant a State warrant for such sum as final payment under said contract. Claimant, acting on the advice of counsel, refused to accept and cash said warrant, and returned same to respondent, because claimant felt that the acceptance of said warrant might act as a release or waiver of its additional claim involved in the first phase of this case, inasmuch as there was in the contract a provision, which, in substance, provided that the acceptance by claimant of the tendered warrant would operate as a complete release, discharge and waiver of any claim for further moneys under the contract. That the advice of claimant's counsel may well have been correct is indicated by previous decisions of this Court, such as, *Henkel Const. Co.* vs. *State*, 10 C.C.R. 538; and *Worden-Allen Co.* vs. *State*, 16 C.C.R. 138.

Thereafter, claimant filed its complaint herein seeking recovery of the amounts involved in the two phases of the case. Respondent filed a motion to dismiss, which was, after oral argument, overruled on November 26, 1952, because we felt that facts alleged and questions presented necessitated a disposition of the case on its merits.

On January 30, 1953, claimant filed its motion for summary judgment, supported by affidavit, in which an immediate award of $22,334.64 is sought for the amount involved in the second phase of the case. Respondent has filed no counter-affidavits, and we believe we are completely safe in assuming that respondent concedes that claimant is entitled to an award on the motion for summary judgment.

Rule 2 of the Rules of this Court provides that pleadings and practice, as provided by the Civil Practice Act of Illinois, shall be followed in this Court,

except as otherwise provided in our rules. Since none of our rules relate to summary judgments, the procedure to be followed is spelled out in Sec. 57 of the Civil Practice Act, Ill. Rev. Stat., 1951, Chap. 110, Sec. 181, and Rules 15 and 16 of the Rules of the Supreme Court. Claimant has correctly followed such procedure, and respondent has raised no defense to the motion.

Since the entry of an award on claimant's motion for summary judgment will dispose only of phase two of the case, and still leave phase one to be determined, Rule 16 of the Rules of the Supreme Court provides several alternatives in such a circumstance "as justice may require". We believe that justice requires the entry of an immediate award, which is equivalent to the second alternative in said Rule 16.

An award is, therefore, entered in favor of claimant, J. L. Simmons Company, Inc., in the sum of $22.334.64.

Jurisdiction of phase one of this case is specifically reserved for future determination.